UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLIFF YANG,

            Plaintiff,

     v.

COLLIERS INTERNATIONAL GROUP INC., et al.,

            Defendants.

Case No.  3:25-cv-09680-JSC

**ORDER RE: MOTION TO REMAND**

**RE: DKT. NO. 15**

Cliff Yang brought suit in the Alameda County Superior Court alleging he was the victim of a multiparty real estate investment fraud.  He brings claims for fraud, negligent misrepresentation, breach of fiduciary duty, securities fraud under California law, and conversion against seven Defendants: Colliers International Group Inc.; Millcreek Commercial Properties LLC, Millrock Investment Fund1 LLC, KGL Advisors LLC, American Development Partners LLC, Kevin Long, and Steve Caton.  On November 12, 2025, Colliers removed the action to this Court based on diversity and federal question jurisdiction.  (Dkt. No. 2.[1])  Colliers then moved to dismiss, and Defendant Millrock Investment Fund1 LLC appeared and separately moved to dismiss. (Dkt. Nos. 5, 8.)  Plaintiff thereafter moved to remand. (Dkt. No. 15.)  After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the January 22, 2026 hearing, and GRANTS Plaintiff's motion to remand.  Colliers has failed to meet its burden of demonstrating federal subject matter jurisdiction, failed to secure consent of all properly served Defendants under 28

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

U.S.C. § 1446(b)(2)(A), and failed to cure its facially deficient Notice of Removal.

## DISCUSSION

Plaintiff moves to remand based on lack of subject matter jurisdiction and procedural defects in removal.

### A.      Lack of Subject Matter Jurisdiction

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a).  District courts have original jurisdiction over cases that 'aris[e] under' federal law, § 1331," which is known as "federal-question jurisdiction," and "cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a)," which is known as diversity jurisdiction. *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). The defendant seeking removal "bears the burden of establishing that removal is proper," and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc*., 582 F.3d 1083, 1087 (9th Cir. 2009). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself it has federal subject matter jurisdiction. *See Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1116 (9th Cir. 2004). A case removed to federal court must be remanded to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

The Notice of Removal contends the Court has subject matter jurisdiction based on both federal question and diversity jurisdiction.  (Dkt. No. 2 at ¶¶ 8-24.)  As to federal question jurisdiction, Collier bases removal on Plaintiff's allegation under his fraudulent misrepresentation claim that "[t]hese actions constitute violations of: Rule 10-b5 under the Securities Exchange Act of 1934, Section 17(a) of the Securities Act of 1933."  (Dkt. No. 1-2 at 40.)  Colliers has not met its burden of demonstrating federal question jurisdiction based on this allegation.  Mere reference to federal statutes within the factual allegations is not sufficient.  *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) ("[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question.").  Even if this were not the case, Plaintiff's motion to remand clearly and unequivocally disavows any intent to bring a claim under federal law.  (Dkt. No. 15 at 5.)  *See Washeleski v. City of Campbell*, No. 25-CV-05231-EKL, 2025 WL 3470429, at *2 (N.D. Cal. Dec. 3, 2025) (construing a

United States District Court
Northern District of California

2

United States District Court
Northern District of California

"motion to remand as a disclaimer of any claims arising under federal law, or a motion to amend to remove what the [defendant] has construed as federal claims") (citing *California ex rel. Harrison v. Express Scripts*, Inc., 154 F.4th 1069, 1077 (9th Cir. 2025) (recognizing disclaimers of federal claims are "a mechanism available to plaintiffs who wish to limit their complaints and avoid federal jurisdiction"); *Doe v. Stanford Health Care*, No. 5:24-cv-09359-BLF, 2025 WL 1024660, at *3-4 (N.D. Cal. Apr. 7, 2025) (granting leave to amend to remove federal claims)); *see also Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 39 (2025) (holding if "a plaintiff, after removal, cuts out all her federal-law claims, federal-question jurisdiction dissolves. And with any federal anchor gone, supplemental jurisdiction over the residual state claims disappears as well" and when "[t]he operative pleading no longer supports federal jurisdiction[] the federal court must remand the case to the state court where it started.").

As to diversity jurisdiction, the Notice of Removal indicates the amount in controversy is satisfied because Plaintiff seeks $799,968 in damages, Plaintiff is a California resident, and "[n]one of the named defendants are citizens of, domiciled in, or otherwise 'at home' in the State of California." (Dkt. No. 2 at ¶¶ 9, 12, 13.)  Plaintiff brings claims against two individuals, one corporation (Colliers), and four LLCs.  The Notice of Removal states as follows as to the citizenship of the Defendants:

15. Colliers Internation[al] Group, Inc. is a foreign corporation with its principal place of business in Canada.

16. Millcreek Commercial Properties LLC is a limited liability company located in Utah. Its sole member is KGL Real Estate Development which is also located in Utah, KGL Real Estate's sole member is Kevin Long. (Exhibits E, F).

17. Millrock Investment Fund 1 is a limited liability company located in Utah. Its sole member is SHC Management, LLC which is also located in Utah. SHC Managements members are located in Utah as well. (Exhibits G, H).

18. Kevin Long is an individual residing in Utah. (Exhibit A at P. 15, 5:15-18).

19. KGL Advisors, LLC is a Utah limited liability company whose sole member is Kevin Long. (Exhibit I).

20. American Development Partners LLC dba identity for a business named Jameson Holdings LLC which is a limited liability company located in Tennessee. Upon information and belief, its members are located in Tennessee as well. (Exhibit J).

21. Stave Caton is an individual located in Illinois. (Exhibit A).

(Dkt. No. 2 at ¶¶ 15-21.)  The supporting exhibits are printouts which provide address information and information regarding each LLCs registered agent for service. (Dkt. No. 1-3 at 25-41; *see also* Dkt. No. 2 at 7 (identifying Exhibits D-J as "Corporate Registration Statements").)  Colliers appears to base its statements regarding the LLC members on the registered agent for service listed on these printouts.  (*See, e.g.*, Dkt. No. 1-3 at 25-26 (stating Kevin Long is KGL's registered agent for service).)

Because "an LLC is a citizen of every state of which its owners/members are citizens," *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), the state of incorporation and registered agent for service are irrelevant to the question of diversity jurisdiction. *See Cone v. Greenwood Motor Lines Inc*., No. CV-24-03119-PHX-DWL, 2025 WL 2107636, at *1 (D. Ariz. July 28, 2025) (finding allegations an LLC "'is a foreign limited liability company domiciled in Ohio and registered to do business in Maricopa County, Arizona,' … irrelevant in assessing the citizenship of an LLC, as an LLC 'is a citizen of every state of which its owners/members are citizens.'" (quoting *Johnson*, 437 F.3d at 899).

Colliers' contention that it has met its burden of "affirmatively alleg[ing] diversity and even attach[ing] supporting documentation, demonstrating its reasonable investigation into the membership of the LLC defendants" is unpersuasive.  (Dkt. No. 31 at 2.)  First, the printouts Colliers offers do not speak to *citizenship* of the LLC members—a registered agent for service is the person the LLC designates for service of process. *See, e.g.*, Cal. Corp. Code § 1502(b) (discussing requirements of corporate registration statement including "designat[ation], as the agent of the corporation for the purpose of service of process, a natural person residing in this state").  Second, Millrock Investment Fund1 LLC's corporate disclosure statement—which list 18 different members in contrast to the one member alleged in the Notice of Removal—directly contradicts Colliers' statements as to the citizenship of the LLC members.  (*Compare* Dkt. No. 9 *with* Dkt. No. 2 at ¶ 16.)  Third, the removal statute is strictly construed against removal jurisdiction, *see Sharma v. HSI Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co*., 23 F.4th 1167, 1170 (9th Cir. 2022), and courts "reject federal jurisdiction 'if there is any doubt as to the right of removal in the first instance.'"

United States District Court
Northern District of California

*Martinez v. Am.'s Wholesale Lender*, 764 F. App'x 592, 592 (9th Cir. 2019). As the removing party, Colliers has the burden to establish complete diversity and cannot do so through "conclusory statements." *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 65 (9th Cir. 2011). When, as here, the removing party "fails to state the citizenship of the partners and members of [all the defendant LLCs]….[they] fail[] to satisfy their burden to show complete diversity between the parties." *Id*. at *64.

Accordingly, Colliers has not met its burden of demonstrating federal subject matter jurisdiction based on either federal question or diversity jurisdiction.

### B.    Procedural Defects in Removal

"All defendants who have been 'properly ... served in the action' must join a petition for removal." *Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011) (citing 28 U.S.C. § 1446(a)). The removing party has the burden "to explain affirmatively the absence of any co-defendants in the notice of removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) superseded by statute on other grounds as stated in *Abrego Abrego v. Dow Chemical Co*., 443 F.3d 676, 680 (9th Cir. 2006).

While Plaintiff brings his claims against seven Defendants, the November 12, 2025 Notice of Removal was filed on behalf of Colliers only and did not indicate whether the other Defendants consented to removal. (Dkt. No. 2.) Plaintiff contends the removal is therefore procedurally defective. In response, Colliers argues "the only party that Plaintiff has left papers with is [Colliers]." (Dkt. No. 31 at 3.) This does not satisfy a removing defendant's burden; rather, "[a] removing defendant must exercise due diligence to ascertain if other defendants have been served, and simply checking if a proof of service has been filed with in the state court is insufficient." *Gladle v. Wells Fargo Bank, N.A*., No. CV 19-1315 PA (ASX), 2019 WL 1571863, at *2 (C.D. Cal. Apr. 11, 2019). Here, a review of the Alameda County Superior Court docket indicates that on November 13, 2025 Plaintiff filed proof of service of the summons and complaint on Millrock Investment Fund1 LLC, stating it had been served on October 30, 2025, and on KGL Advisors

United States District Court
Northern District of California

5

LLC, stating it had been served on November 3, 2025.[2]  That the proof of service was filed a day after the removal is immaterial as Colliers was required to exercise due diligence beyond simply checking the docket to determine if other defendants had been served.  *See Caudle v. Conestoga Settlement Servs., LLC*, No. 18 985 JGB (KKx), 2018 WL 3435403, at *3 (C.D. Cal. July 12, 2018) (holding the removing defendant failed to demonstrate due diligence when it failed to contact opposing counsel and the other defendants to determine the status of service and collecting cases holding similarly). Here, the Notice of Removal is silent as to any efforts Colliers made to determine the status of service on the other defendants and fails to explain, as it must, "the absence of any co-defendants in the notice of removal." *Prize Frize*, 167 F.3d at 1266.

Millrock Investment Fund1 LLC has since appeared in this action and filed a motion to dismiss. (Dkt. No. 8.)  Even if the Court could infer Millrock Investment Fund's consent from this filing, Colliers has failed to secure the consent of Defendant KGL Advisors LCC, who was served prior to removal.  While a removing defendant has 30 days from service of the initial pleading to secure the consent of any non-joining defendant, *see* 28 U.S.C. §§ 1446(b)(1), (b)(2)(A), more than 30 days have passed and the record still does not reflect KGL Advisors LCC consented to removal.  *Prize Frize*, 167 F.3d at 1266 (finding removal improper "because the removal notice was facially defective and the deficiencies uncured within the thirty-day statutory period.").

Accordingly, this action must also be remanded for procedural defects in removal based on Colliers' facially deficient Notice of Removal and failure to secure consent of all properly served Defendants under 28 U.S.C. § 1446(b)(2)(A).

## CONCLUSION

For the reasons stated above, Plaintiff's motion to remand is GRANTED.  This action is remanded to the Alameda County Superior Court.

//

//

---

[2] The Court takes judicial notice of the state court docket and related filings. Fed. R. Evid. 201(b); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record including documents on file in federal or state courts.") (citation omitted).

United States District Court
Northern District of California

This Order disposes of Docket No. 15.

**IT IS SO ORDERED.**

Dated: January 20, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

7